```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA
                         ALEXANDRIA DIVISION


LAWRENCE F. GLASER, ET AL.,    )
                               )
         Plaintiffs,           )
v.                             )      CIVIL ACTION NO. 02-1242
                               )
ENZO BIOCHEM, INC., ET AL.,    )
                               )
         Defendants.           )
```

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants Enzo Biochem, Inc. ("Enzo"), Barry Weiner, Elazar Rabbani, Shahram Rabbani, John DeLucca, and Dean Engelhardt (collectively, "Enzo Defendants") Motion to Dismiss the Amended Complaint and Defendant Heiman Gross's Renewed Motion to Dismiss Amended Complaint.  This Court initially dismissed the Amended Complaint by Memorandum Opinion dated July 16, 2003.  The plaintiffs appealed the ruling, and the Fourth Circuit affirmed in part, reversed in part, and remanded to this Court.  *See Glaser v. Enzo Biochem, Inc.*, 2005 WL 647745 (4th Cir. March 21, 2005).  There are two issues presently before the Court:  (1) whether to dismiss common law fraud claims against Defendants Elazar Rabbani, Shahram Rabbani, John DeLucca, and Heiman Gross, because they made none of the statements that the Fourth Circuit upheld as the bases for common law fraud claims, and the Fourth Circuit upheld this Court's dismissal of the plaintiffs' conspiracy to commit securities fraud claim and found no abuse of discretion in

its decision to deny leave to amend to add a conspiracy to commit common law fraud claim, and (2) whether to dismiss the common law fraud claims against all the defendants because the plaintiffs no longer state a claim for common law fraud in light of the United States Supreme Court's decision in *Dura Pharmaceuticals v. Broudo*, 125 S.Ct. 1627 (2005), issued on April 19, 2005, stating that to survive a motion to dismiss in a securities fraud case, plaintiffs must allege that the share price of a stock fell significantly after the truth about a misrepresentation by defendants was revealed, and the plaintiffs did not so allege in this case.

    The Court grants Defendants Elazar Rabbani, Shahram Rabbani, John DeLucca, and Heiman Gross's motion to dismiss the common law fraud claims against them because these defendants made none of the statements that the Fourth Circuit upheld as bases for the common law fraud claims, and the Fourth Circuit upheld this Court's decision to dismiss plaintiffs' conspiracy to commit securities fraud claims and found no abuse of discretion in its decision to deny leave to amend to plead conspiracy to commit common law fraud.  In addition, the Court grants the Enzo defendants' motion to dismiss the common law fraud claims against the remaining defendants because the Supreme Court's decision in *Dura* requires plaintiffs to plead causation of loss by alleging that the share price of a stock fell after the truth of a misrepresentation about the stocks was revealed, and the

plaintiffs in this case did not so plead.  *See* 125 S.Ct. at 1631.

## I. BACKGROUND[1]

*The Fourth Circuit's Decision*

The Fourth Circuit's ruling, issued on March 21, 2005, affirmed in part and reversed in part this Court's decision to dismiss all claims against the defendants and remanded the action to this Court.  *See Glaser*, 2005 WL 647746, at **8.  The Fourth Circuit held that this Court "properly dismissed the plaintiffs' federal securities fraud and conspiracy claims as a matter of law."  *Id*.  It also held that this Court did not abuse its discretion in denying the plaintiffs' motion for leave to amend the Amended Complaint to add a conspiracy to commit common law fraud claim, stating, "[t]o the extent that the plaintiffs argue that they should have been permitted to amend their complaint to include a claim for conspiracy to commit common law fraud, we conclude that the district court did not abuse its discretion..." *Id*. In addition, the Fourth Circuit reversed this Court's holding as to eight of the twelve statements alleged in support of the plaintiffs' common law fraud claim, holding that eight could serve as the basis for the plaintiffs' common law fraud claims.  The actionable statements consist of (1) two allegedly

---

[1] The Court declines to restate the allegations of the Amended Complaint as the Fourth Circuit and this Court's prior opinion in this case do so exhaustively.

3

made by Defendant Dean Engelhardt ("Mr. Engelhardt") at a January 12, 2000 shareholders meeting, (2) three allegedly made by Defendant Barry Weiner ("Mr. Weiner") at the same meeting, and (3) three allegedly made in Enzo press releases after that meeting.  *See id.* at **8 n. 6.  The statements allegedly made by Mr. Engelhardt were:

(1) "It works, they both work," and

(2) "The virus goes in but does not come out."

The statements allegedly made by Mr. Weiner were:

(1) that Enzo had submitted Phase I data to the FDA and was awaiting Phase II approval,

(2) that Enzo scientists had reduced the time required for HGTV-43 transduction from up to three months to eighteen hours, and

(3) that the HGTV-43 vector achieves levels of stable transduction greater than 30%.

The statements allegedly made through Enzo press releases were:

(1) the University of California clinical study was moving to its final stages, an abstract was to be presented to the American Society of Gene Therapy in June 2000, Enzo knew of no other system that achieved the results that its gene therapy had achieved, and plans for Phase II trials were proceeding,

(2) the HGTV-43 vector successfully delivered certain genes to blood stem cells and engineered cells continued to survive after transduction, and

(3) data from the first person treated in the Phase I trial of

HGTV-43 showed successful engraftment of engineered cells into the patient's bone marrow.

Defendants Elazar Rabbani, Shahram Rabbani, John DeLucca, and Heiman Gross now argue that the remaining common law fraud claims against them should be dismissed because none of these individuals made any of these actionable statements.  The plaintiffs, on the other hand, argue that "this contention... ignores the fact that the liability of these defendants is and always has been based on their participation in a conspiracy with the individuals who did make the statements."  Pls.' Mem. Opp'n to Enzo Defs.' Latest Mot. Dismiss at 10.  Because, the plaintiffs assert, the Amended Complaint pleads a conspiracy to commit fraud, these defendants should also be held liable for the statements made by Mr. Engelhardt, Mr. Weiner, and by Enzo.

*The Supreme Court's Decision in Dura Pharmaceuticals*

After the Fourth Circuit's ruling in this case on March 21, 2005, the Supreme Court issued an opinion on April 19, 2005, in *Dura Pharmaceuticals*, regarding the elements of a securities fraud claim required to survive a 12(b)(6) motion. 125 S.Ct. 1627.  The *Dura* plaintiffs, purchasers of stock in a pharmaceutical company, alleged that the defendants made false statements about expected future Food and Drug Administration approval of a new asthmatic spray device that artificially inflated the price of stock in the company.  The plaintiffs

5

alleged that they purchased the stock at inflated prices and that they suffered "damages" as a result. *Id.* at 1630. The Supreme Court overruled the Ninth Circuit's decision holding that such an allegation satisfied the loss causation requirement, or the necessity for a causal link between the material misrepresentation and the loss. In doing so, the Court relied heavily on the requirement to plead loss causation and its definition in common law tort actions for deceit and misrepresentation. *Id.* at 1631. In particular, the Court held that the plaintiffs failed to plead a causal link between the material misrepresentation and the loss merely by alleging that they purchased the defendant company's stock at inflated prices. *Id.* ("...an inflated purchase price will not itself constitute or proximately cause the relevant economic loss"). Instead, concluded the Court, to properly plead the element of loss causation in a fraud claim, a plaintiff must allege that the price fell after the truth came to light about a misrepresentation, and that the plaintiff suffered damages as a result, and even this may not be sufficient to show actual loss. *See id.* at 1632 ("But if, say, the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss. If the purchaser sells after the truth makes it may into the market place, an initially inflated purchase price *might* mean a later loss").

In light of this new precedent, the defendants in this case argue that the plaintiffs' claim of common law fraud against all the defendants should be dismissed, since the plaintiffs in this case make the same kinds of inflated purchase price allegations that the *Dura* plaintiffs did.  In other words, the defendants assert that the plaintiffs do not properly allege "loss causation," instead alleging that the truth about Enzo's science was not revealed until *after* the plaintiffs had already sold their shares.  See Mem. Enzo Defs. Supp. Mot. Dismiss Amended Compl. at 9.  The plaintiffs, on the other hand, argue that *Dura* can be distinguished from the case at hand because (1) *Dura* addresses a securities fraud claim, while this case concerns a common law fraud claim, (2) *Dura* does not change the law existing in the Fourth Circuit at the time it issued its opinion in this case, and (3) *Dura* involves a different damages claim from this case.

## II. DISCUSSION

**A. Standard of Review**

A Federal Rule of Civil Procedure 12(b)(6) motion should not be granted unless it appears beyond a doubt that a plaintiff can prove no set of facts in support of the plaintiff's claim that would entitle the plaintiff to relief.  FED. R. CIV. P. 12(b)(6);

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  Conclusory allegations regarding the legal effect of the facts alleged need not be accepted.  *See Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995).  Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendants to prepare a fair response.  *Conley*, 355 U.S. at 47.

**B. Analysis**

*Issue 1: Claims against defendants who made no actionable statements*

    The Court dismisses the plaintiffs' claims against Defendants Elazar Rabbani, Shahram Rabbani, John DeLucca, and Heiman Gross because they did not make any of the statements deemed actionable by the Fourth Circuit, and because the Fourth Circuit upheld dismissal of the plaintiffs' conspiracy to commit securities fraud claims and upheld this Court's decision to deny leave to amend to plead conspiracy to commit common law fraud. The statements held actionable by the Fourth Circuit were made

either by Defendant Engelhardt, Defendant Weiner, or through Enzo press releases.  None of these statements were made by Defendants Elazar Rabbani, Shahram Rabbani, John DeLucca, or Heiman Gross.

To properly plead a Virginia common law fraud claim a plaintiff must allege a false representation of material fact, made intentionally and knowingly, with intent to mislead, reliance by the party misled and resulting damage to the party misled.  *See Glaser*, 2005 WL 647745, at \*\*5 (citations omitted). The plaintiffs fail to plead that these individual defendants made false representations, instead pointing to Enzo's press releases, and statements made by Mr. Engelhardt and Mr. Weiner. Furthermore, Defendants Elazar Rabbani, Shahram Rabbani, John DeLucca, and Heiman Gross cannot be liable for statements in Enzo's press releases because the Fourth Circuit found the plaintiffs did not allege any conspiracy to commit common law fraud in their Amended Complaint.  *See id.* at \*\*8 ("To the extent that the plaintiffs argue that they should have been permitted to amend their complaint to include a claim for conspiracy to commit common law fraud, we conclude that the district court did not abuse its discretion...").  Consequently, the Court grants these defendants' motion to dismiss the complaint against them.

*Issue 2:  The Supreme Court's Holding in Dura Pharmaceuticals*

The Court grants the defendants' motion to dismiss the remaining common law fraud claims because the plaintiffs fail to properly allege "loss causation" in their Amended Complaint,

9

following the Supreme Court's decision in *Dura*. *Dura* made clear that to state a claim for securities fraud, a plaintiff must allege more than merely purchasing stocks at inflated prices to satisfy the loss causation element. 125 S.Ct. at 1631. Although this case concerns common law fraud in connection with the sale of securities, not statutory securities fraud, *Dura*'s loss causation analysis applies because the Supreme Court relied heavily on definitions of loss causation drawn from the torts of misrepresentation and deceit, the very same type of claim alleged here. *Id.* 1632-33 (discussing how judicially implied private securities-fraud actions resemble common law deceit and misrepresentation actions and focusing on the element of loss causation).

As in *Dura*, the plaintiffs in this case allege that their loss is caused by purchasing stocks at artificially inflated prices due to misrepresentations by the defendants. *See, e.g.,* Amended Compl. ¶¶ 44, 45, 61, 62, 64, 70, 84, 106, 114, 115, 135, 136, 137, 138 (referencing artificially inflated prices). When questioned by the Court about what theory of loss causation the plaintiffs were asserting, their counsel was unable to articulate an alternative basis for the loss. Plaintiffs' counsel pointed the Court to paragraphs 12, 25, 26, 30, 137 and 138 of the Amended Complaint, none of which provide an alternative basis for loss causation. Instead, they all merely reassert that due to defendants' conduct, Plaintiffs bought their stocks at

artificially inflated prices, ultimately had to liquidate their stocks, and were forced to file for bankruptcy.  Not only do none of these paragraphs tie the loss to the revelation of the truth about the misrepresentation, as required by *Dura*, but also, the plaintiffs allege that the first time they became aware of the falsity of the statements was on March 8, 2001, *after they had sold off all of their stocks*.  Amended Compl. ¶ 119.  Plaintiffs, in their opposition to Defendants' motion, do not dispute that they had sold all their stocks before March 8, 2001.  Because the plaintiffs do not establish loss causation, as required by *Dura*, the Court grants the defendants' motion to dismiss the common law fraud claims against the plaintiffs.

Plaintiffs' argument in opposition to this motion, that the Fourth Circuit's decision stating that the plaintiffs established the elements of common law fraud is the "law of the case," and that, therefore, the Supreme Court's decision in *Dura* is irrelevant to this case, is incorrect.  Under the "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 304 (4th Cir. 2000) (citations and internal quotations omitted).  Here, however, the Fourth Circuit opinion focused on whether the plaintiffs met the materiality and reliance requirements of common law fraud; it did not address loss causation at all.  *Glaser*, 2005 WL 647745, at

11

\*\*6-\*\*8. Consequently, because the Fourth Circuit did not decide the issue of loss causation, there is no Fourth Circuit holding to apply as "law of the case" here. Furthermore, even if the Fourth Circuit's decision is the "law of the case," an intervening decision by the Supreme Court trumps the Fourth Circuit's decision. *Columbus-America*, 203 F.3d at 304 (stating that if controlling authority has since made a contrary decision of law applicable to the issue, the "law of the case" doctrine does not apply) (citation omitted)). A decision by the Supreme Court of the United States certainly constitutes "controlling authority." Consequently, because the plaintiffs did not properly allege loss causation under *Dura*, the Court grants defendants' motion to dismiss the claims against them.

### III. CONCLUSION

The Court dismisses the Amended Complaint against Elazar Rabbani, Shahram Rabbani, John DeLucca, and Heiman Gross because none of the statements held actionable by the Fourth Circuit were made by these defendants. The Court dismisses the Amended Complaint against the remaining defendants because, like the plaintiffs in *Dura*, the Glasers fail to establish the element of "loss causation." For the foregoing reasons, it is hereby

ORDERED that Defendants Enzo Biochem, Inc., Barry Weiner, Elazar Rabbani, Shahram Rabbani, John DeLucca, and Dean Engelhardt Motion to Dismiss the Amended Complaint is GRANTED,

and it is

ORDERED that Defendant Heiman Gross's Renewed Motion to Dismiss Amended Complaint is GRANTED.  This case is DISMISSED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this __14th___ day of July, 2005.

```
                          _____/s/_____
                          Gerald Bruce Lee
                          United States District Judge
```

Alexandria, Virginia
7/14/05